**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 12-15918 |
| Plaintiff- Appellant, | D.C. No. 5:02-cv-05603-RMW |
| v. | |
| CAPLAN, C/O; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted November 19, 2013[**]

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Robert Lee Jenkins, Jr., appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants retaliated against him and subjected him to excessive force. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Jenkins's First Amendment retaliation claim because Jenkins failed to raise a genuine dispute of material fact as to whether defendants retaliated against him for filing grievances and a lawsuit, and whether their actions advanced no legitimate correctional goal. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("[A] plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." (citation and internal quotation marks omitted)); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (plaintiff must show allegedly retaliatory action did not advance legitimate correctional goals); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on Jenkins's Eighth Amendment excessive force claim because Jenkins failed to raise a genuine dispute of material fact as to whether defendants used more than a de minimis amount of force when moving him to and from a gurney. *See Hudson v. McMillian*, 503 U.S.

1, 9-10 (1992) (de minimis use of force generally does not violate Eighth Amendment).

The district court properly granted summary judgment on Jenkins's claims against supervisory defendants because Jenkins failed to raise a genuine dispute of material fact as to whether these defendants were personally involved in any constitutional violation or whether there was a causal connection between their conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability.)

Jenkins's contention regarding suing defendants in their individual capacities is unpersuasive.

We do not consider issues raised for the first time on appeal or raised for the first time in the reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**